# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Joshua Humpleby,

      Plaintiff,                        Case No. 2:23-cv-3568

      v.                               Judge Michael H. Watson

Winnebago Industries, Inc.,         Magistrate Judge Vascura

      Defendant.

## OPINION AND ORDER

Joshua Humpleby ("Plaintiff") moves to enforce his settlement agreement with Winnebago Industries, Inc. ("Defendant"). ECF No. 22. For the following reasons, the motion is **GRANTED**.

### I.    BACKGROUND

This case arises out of Plaintiff's purchase of a Winnebago recreational vehicle (the "RV"). *See generally*, Compl., ECF No. 3. Plaintiff alleged that the RV had certain defects that Defendant did not timely repair. *Id*. Based on those allegations, Plaintiff asserted breach of warranty and consumer protection claims. *Id*.

Later, the parties settled the case and signed a settlement agreement (the "Settlement Agreement"). ECF No. 8. The Settlement Agreement required Defendant to, among other things, complete repairs on the RV and provide Plaintiff with a specific extended service contract (the "Old ESC"). Settlement

Agr. ¶¶ 3–4, ECF No. 34-1. Defendant was supposed to provide the Old ESC when it completed the repairs. *Id.*

The repairs took longer than expected. Wells Decl. ¶ 4, ECF No. 34-3. By the time the repairs were completed, Defendant was using a different company to provide extended service contracts. *Id.* ¶¶ 6–7. The new company had different terms and conditions for their extended service contracts and, therefore, Defendant did not provide the Old ESC to Plaintiff. *Id.* ¶¶ 6–8. Defendant did provide *an* extended service contract (the "New ESC") to Plaintiff, but it was not the Old ESC. *Id.*

Plaintiff points to several differences between the Old ESC and the New ESC. Some of those differences are:

1. The New ESC has several sections that give the administrator "sole discretion" to decide whether a repair is covered. New ESC 1, ECF No. 22-3. According to Plaintiff, these phrases make the New ESC illusory and one-sided. *E.g.*, Reply 8–9, ECF No. 26.

2. The Old ESC provided for necessary repairs of "all mechanical and electrical parts", except for some specifically excluded repairs. Old ESC 3, ECF No. 34-1. By contrast, the New ESC provides for the repairs of only "all mechanical parts" (again, except for some enumerated exclusions). New ESC 3, ECF No. 22-3

3.  The Old ESC limited reimbursement for food spoilage to $250.00;
    the New ESC limits such reimbursement to $100.00. Old ESC 2,
    ECF No. 34-1; New ESC 4, ECF No. 22-3.

4.  The Old ESC prohibited renting the RV. OLD ESC 4, ECF No. 34-1.
    In Plaintiff's view, the New ESC also prohibits loaning the RV to
    others. Mot. 7, ECF No. 22.

5.  The New ESC includes an arbitration clause, a jury waiver, and a
    class action waiver. New ESC 6–7, ECF No. 22-3. The Old ESC
    contained none of those provisions. *See generally*, Old ESC, ECF
    No. 34-1.

Because of the differences between the New ESC and the Old ESC,
Plaintiff believes that Defendant has breached the Settlement Agreement. Mot.,
ECF No. 22.

## II.    STANDARD OF REVIEW

A district court has "broad, inherent authority . . . to enforce an agreement
in settlement of litigation pending before it . . . ." *Therma-Scan, Inc. v.
Thermoscan, Inc.,* 217 F.3d 414, 419 (6th Cir. 2000) (quotation marks and
citation omitted). "Public policy favors settling cases without litigation, and
settlement agreements should be upheld whenever it is equitable to do so."
*Graley v. Yellow Freight Sys., Inc.*, No. 98-4166, 2000 WL 799779, at *4 (6th Cir.
June 14, 2000) (citation omitted). "Because settlement agreements are a type of
contract, the formation and enforceability of a purported settlement agreement

are governed by state contract law." *Smith v. ABN AMRO Mortg. Grp. Inc.*, 434 F. App'x 454, 460 (6th Cir. 2011) (citation omitted).

Under Ohio law,[1] "a valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and acceptance.'" *Rulli v. Fan Co.*, 683 N.E.2d 337, 338 (Ohio 1997) (citation omitted). In order to enforce an agreement, "a district court must conclude that agreement has been reached on all material terms." *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645–46 (6th Cir. 2001) (citation omitted).[2]

### III. ANALYSIS

Plaintiff moves to enforce the settlement agreement, and Defendant opposes.

Before addressing the merits of Plaintiff's motion, the Court considers Defendant's ripeness argument. According to Defendant, because Plaintiff does not have any current needs for repairs that would be covered by the New ESC (or the Old ESC), Plaintiff's motion is not ripe. The Court disagrees. The Settlement Agreement required Defendant to provide the Old ESC when the repairs to the RV were complete, regardless of whether the RV needed additional

---

[1] The parties brief the motions using Ohio law, and the Court agrees that Ohio law governs this case. *See* Settlement Agr. ¶ 17, ECF No. 34-1.
[2] Under Ohio law, when the "meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." *Rulli*, 683 N.E.2d at 339. Here, the parties agree on the existence of a settlement agreement and the relevant terms. Stip., ECF No. 29. Thus, the Court need not hold an evidentiary hearing.

repairs at that time.  Settlement Agr. ¶ 4, ECF No. 34-1.  Those repairs were completed in August or September 2023, and, thus, Defendant's obligation to provide the Old ESC arose then.  Because Plaintiff alleges Defendant breached that obligation, Plaintiff's motion is ripe.

Turning to the merits, to establish a claim for breach of contract under Ohio law, a plaintiff must prove: (1) a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages caused by the breach.  *V&M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012) (citations omitted).

Here, the parties do not dispute that they had a valid contract, that Plaintiff performed, or that Defendant breached.  The issues are whether Defendant's breach is material and, if so, what the appropriate remedy is.  The Court addresses each issue, in turn.

## A.    Material Breach

A material breach is "a failure to do something that is so *fundamental* to a contract that the failure to perform defeats the essential purpose of the contract or makes it impossible for the other party to perform."  *Tatonka Educ. Servs., Inc. PBC v. Youngstown Preparatory Acad.*, No. 4:23-CV-0091, 2023 WL 4085366, at *3 (N.D. Ohio June 20, 2023) (emphasis in original; quotation marks omitted; citing Ohio law).  Courts consider the following factors (the "Restatement Factors") to determine whether a breach is material:

(1) The extent to which the injured party will be deprived of the benefit which he reasonably expected;

Case No. 2:23-cv-3568                                                                                    Page 5 of 10

(2) The extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

(3) The extent to which the party failing to perform or to offer to perform will suffer forfeiture;

(4) The likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;

(5) The extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Stanley v. Historic Newark Basket, LLC*, No. 2:22-CV-1783, 2023 WL 8528536, at *8 (S.D. Ohio Dec. 8, 2023) (quoting Rst. 2d of Contracts §241; citing Ohio law)

Of the differences between the Old and New ESCs, the ones that concern the Court most are the new arbitration clause and the jury trial and class action waivers. Those provisions require Plaintiff to give up meaningful rights that Plaintiff had not bargained on relinquishing. Understandably, Plaintiff represents that he is unwilling to give up those rights by signing the New ESC. Thus, the result of these new provisions is that Plaintiff will not get the benefit of *any* extended service contract.

Applying the Restatement Factors, the inclusion of these provisions in the New ESC is a material breach. True, two factors favor Defendant. First, there is no evidence of bad faith. In addition, there is likely adequate compensation available for the breach; for example, Defendant could pay for an extended

service contract of Plaintiff's choosing. The other factors, however, support finding a material breach.

The first factor—the extent to which Plaintiff will be deprived of a reasonably expected benefit— weighs in Plaintiff's favor. As explained above, the practical result of the New ESC's provisions is that Plaintiff will not get an extended service contract. An extended service contract was a substantial part of Plaintiff's consideration for entering the Settlement Agreement. Settlement Agr., ECF No. 34-1. Thus, the breach deprives Plaintiff of much of his expected benefit and, therefore, this factor supports finding a material breach.

The "forfeiture" factor might seem to favor Defendant because if the breach is material, Defendant would forfeit the resources it spent repairing the RV (because those repairs were completed under the Settlement Agreement). But Plaintiff is not trying to undo the Settlement Agreement; Plaintiff is trying to enforce it. Thus, if Plaintiff prevails, Defendant would still have been obligated to have completed the repairs. Accordingly, this factor favors materiality. *See Waste Mgmt., Inc. v. Rice Danis Indus. Corp.*, 257 F. Supp. 2d 1076, 1085 (S.D. Ohio 2003) (determining this factor weighed in favor of materiality because "concluding that [the breach party's] breach was material will not cause it to suffer the forfeiture of a right it otherwise would have had").

Last, as to the likelihood Defendant will cure, Defendant's own arguments indicate that it does not intend to provide the Old ESC in the future. Thus, this factor favors finding a material breach. *See id.* ("[T]here is no evidence that [the

breaching party] will indemnify in the future; therefore, this factor favors concluding that there was a material breach.").

On balance, the factors favor finding a material breach, and the Court so finds. Accordingly, the Court moves on to consider appropriate remedies.[3]

## B. Remedies

For the reasons explained above, the Court will enforce the Settlement Agreement. The next question is what remedies are appropriate.

Plaintiff requests that the Court order Defendant to do the following: (1) provide Plaintiff the Old ESC or, in the alternative, to pay Plaintiff the $146,000.00 maximum coverage; (2) reimburse Plaintiff for his lost use of the RV (because, according to Plaintiff, he lost the use of the RV during the time Defendant would not provide the Old ESC); and (3) attorney's fees. Mot. 12, ECF No. 22.

Plaintiff is entitled to the Old ESC (or an extended service contract with identical provisions) and reasonable attorney's fees for the time spent enforcing the Settlement Agreement. Plaintiff has not requested a specific amount of attorney's fees and, therefore, the Court does not yet award a specific amount.

---

[3] In a motion related to a hearing, Defendant mentions the "impossibility" doctrine in passing. Mot. 2–3, ECF No. 28. To the extent Defendant attempts to raise that defense, it is unavailing. As an affirmative defense, Defendant bears the burden of showing its applicability. A few sentences in an ancillary motion does not meet that burden.

Plaintiff is not entitled to the maximum coverage, especially absent a showing that the RV needs, or is likely to need, repairs totaling that amount of money.

As to the "lost use" damages, the Court is skeptical that Plaintiff is entitled to such relief. However, the parties did not meaningfully brief the issue, and the Court will therefore reserve ruling on the issue until it hears more from the parties.

The parties are thus **ORDERED** to submit the following:

1. **WITHIN FOURTEEN DAYS** of the date of this Opinion and Order, Defendant shall submit a notice explaining the steps it will take to provide Plaintiff with the Old ESC (or another extended service contract with identical terms). Defendant shall also propose a timeline for providing the same. If Defendant believes it cannot provide such an extended service contract, Defendant shall propose an alternative remedy and offer arguments (and citations to authority) in support of the same. The notice shall not exceed ten pages.

2. Plaintiff may respond to Defendant's notice **WITHIN FOURTEEN DAYS** of the filing of the notice. The response shall not exceed ten pages.

3. **WITHIN FOURTEEN DAYS** of the date of this Opinion and Order, Plaintiff shall file a motion that (1) requests a specific amount of attorney's fees; and (2) makes any arguments Plaintiff has in support of the "lost use" damages. Plaintiff shall support both (1) and (2) with

evidence (including time sheets) and citations to authority. The motion

shall not exceed ten pages.

4. Defendant may respond to Plaintiff's motion **WITHIN FOURTEEN**

**DAYS** of the filing of the motion. Defendant's response may not

exceed ten pages.

The Court will not consider any replies.

## IV. CONCLUSION

For these reasons, Plaintiff's motion is **GRANTED**. The parties are

**ORDERED** to follow the above briefing schedule.

The Clerk shall terminate ECF No. 22.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**